Curia, per

Frost, J.
The Bankrupt Act requires the petitioner to set forth in his petition, to the best of his knowledge and belief, a list of his creditors, with their residences and the amounts due to them respectively. Notice is to be published in one or more of the public newspapers, twenty days before the hearing of the petition, to all persons interested, to appear at the time and place of hearing, to shew cause why the prayer of the petitioner should not be granted. Before a discharge and certificate *376 is granted, seventy days notice in a public newspaper is required to be given to all who have proved their debts, and others interested, to shew cause against the petitioner’s discharge. Personal notice is directed to be addressed by letter to those creditors whose residences are known. Among the causes which are sufficient to prevent the discharge of the petitioner, the only one having any relation to the question presented by this appeal, is his having wilfully omitted or refused to comply with any orders or directions of the court, or to conform to any other requisitions of the Act. The certificate is declared, when “duly granted,” to be a full and complete discharge of all the debts, contracts, or other engagements of the bankrupt, which are provea-ble under the Act, and may be pleaded in bar to all suits brought in any court of judicature whatever, “ and the same shall be conclusive evidence of itself in favor of such bankrupt, unless the same shall be impeached for some fraud or wilful concealment by him, of his property as aforesaid, contrary to the provisions of this Act, on pri- or reasonable notice, specifying in writiug such fraud or concealment.”
Admitting that any of the causes mentioned in the Act, which are sufficient to prevent the allowance of his discharge and certificate to a bankrupt, may be sufficient to impeach the certificate after it is allowed, as not having been “ duly granted,” the question presented by the appeal is, whether the omission to give notice to a creditor, though the omission be neither fraudulent or intentional, is sufficient to invalidate the certificate as against such creditor.
The question made by the appeal should have been confined to the effect of the omission to give personal notice to a creditor whose residence is known, because the grant of the certificate authorizes the assumption that the notice by publication in the newspapers required by the Act, was given. It cannot be questioned that such notice may be sufficient to bring and make all proper parties to a judicial proceeding. It is familiarly known in the practice of our courts, in cases of discharges of insolvent debtors, suits in attachment, partitions, aud creditors’ bills in equity.
Personal notice cannot be indispensably necessary to *377 make a creditor party to proceedings in bankruptcy,' since the Act prescribes such notice to those whose residences are known. All others are made parties by publication of notice in the newspapers, and the certificate discharges their debts. If the allegation of want of personal notice, were cause to impeach the certificate, its protection would be very incomplete and precarious, since the notices are generally, and in many cases must be, sent through the post office, and proof of the deposite of them in the office would uot be evidence that they were received. All the advantages to be derived from personal notice would.be attained by actual notice. The appellants were residents in Charleston, where the defendant was discharged, and his notices published, from which actual notice may be presumed.
But even if personal notice, by letter addressed to the appellants, was necessary, the omission of the defendant to give it must appear to have been- fraudulent, in order to impeach his certificate. The Act is express, that the omission to comply with any orders or directions of the court, or to conform to any of the requisitions of the Act, must be “ wilful.” In Owen on Bankruptcy, 224, it is said that the omission “must be wilful, and arise from improper motives and in that part of the Act which declares what shall be the effect of the certificate, it is provided that it shalljae conclusive evidence, unless impeached for some fraud.
The defendant, in an affidavit accompanying his application for discharge, affirms that he did not know the appellants had recovered a judgment against him, and that the ‘omission to insert it in his sehedule of debts, proceeded from that ignorance, and was casual. The discharge was not opposed by any proof, or even averment, that the appellants had not actual notice through the newspapers, or by other means, of the defendant’s application for tha benefit of the bankrupt law, nor did they impeach the certificate on the ground of a wilful or fraudulent omission by the defendant to insert their debt in his schecule, and cause personal notice to be given to them; nor prove any notice to *378 the defendant, specifying, in writing, the fraud charged against him.
On the construction of the Act, and the authority of the cases cited in the report, the defendant was entitled to a discharge from arrest under the appellants’s execution, unless they showed some ground of fraud to impeach the certificate. This they wholly neglected to do.
The motion is dismissed.
The whole court concurred.